# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 25, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**UNITED PARCEL SERVICE, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 11-1527**  (BOR Appeal No. 2045577)
                    (Claim No. 2011010867)

**JAY HANNAH,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner United Parcel Service, Inc., by Jeffrey B. Brannon, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jay Hannah, by William B. Richardson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 5, 2011, in which the Board reversed a February 2, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 4, 2010, decision rejecting Mr. Hannah's claim for post-traumatic stress disorder. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 11, 2010, while Mr. Hannah was on his delivery route for United Parcel Service, he was accosted and his truck was hijacked by a man with a rifle. The gunman fired a shot in the air near Mr. Hannah's driver side door. He then threatened Mr. Hannah's life and forced Mr. Hannah to drive him towards the police station. On the way to the police station the gunman saw a police cruiser parked at a gas station and forced Mr. Hannah to pull over. The gunman then took the keys to the truck, stepped out of the passenger side door, and fired a shot

1

at the ground. As the gunman was getting out of the truck, Mr. Hannah was able to escape and hide behind a nearby store. The gunman was subsequently fatally shot by law enforcement.

Following the incident, Mr. Hannah began seeing a licensed professional counselor, Mr. Stanley, who diagnosed Mr. Hannah with post-traumatic stress disorder resulting from the hijacking. Mr. Hannah also received counseling services from Dr. Schwaner, who reported that Mr. Hannah was experiencing multiple symptoms of post-traumatic stress disorder, including sleep disturbances, nightmares, hyper-vigilance, and depression. Based on his post-traumatic stress disorder, Mr. Hannah filed an application for workers' compensation. The claim was rejected by the claims administrator on October 4, 2010, as a psychiatric injury barred by West Virginia Code § 23-4-1f (1993). The Office of Judges affirmed the claims administrator's decision on February 2, 2011. But the Board of Review reversed the Office of Judges on October 5, 2011, leading United Parcel Service to appeal.

The Office of Judges concluded that West Virginia Code § 23-4-1f barred Mr. Hannah's claim for workers' compensation benefits for post-traumatic stress disorder developed as a result of the August 11, 2010, hijacking. The Office of Judges found that Mr. Hannah had not sustained any physical injuries as a result of the hijacking and that post-traumatic stress disorder was the only diagnosed condition resulting from the incident. Although the Office of Judges recognized that Mr. Hannah was experiencing sleep disturbances and jumpiness, it asserted that the hijacking did not result in any physical injuries or trauma. The Office of Judges also determined that Mr. Hannah's condition was not caused by physical means but by the nonphysical, psychological trauma that Mr. Hannah suffered during the hijacking.

The Board of Review adopted the findings of the Office of Judges but reversed its Order. The Board of Review concluded that the claim was compensable and was not barred by West Virginia Code § 23-4-1f. The Board of Review pointed to the physical nature of the incident. It found that Mr. Hannah was physically detained, that he was assaulted by the sound of gunfire, and stripped of his keys. The Board of Review concluded that Mr. Hannah received a personal injury in the course of and resulting from his employment.

We agree with the conclusion and reasoning of the Board of Review. Mr. Hannah's claim for post-traumatic stress disorder is not barred by West Virginia Code § 23-4-1f because the condition was manifested by demonstrable physical symptoms, including sleep disturbances and jumpiness. *Bias v. Eastern Associated Coal Corp.*, 220 W. Va. 190, 194, 640 S.E.2d 540, 544 (2006). The Board of Review was correct to find this claim compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 25, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II